UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BENJAMIN T. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| CRUNCHTECH HOLDINGS, LLC, dba ATOMIC FILAMENT, and JOHN MALY, | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, Benjamin T. Williams ("Williams"), by his counsel, and for his Complaint against the Defendant, Crunchtech Holdings, LLC, dba Atomic Filament ("Crunchtech") and individually against John Maly ("Maly"), alleges and says:

I. Introduction

Williams brings this action against Crunchtech and Maly pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C §216(b), for minimum wage and state law wage claims for unpaid wages including unpaid vacation pay. Additionally, claims are brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") for Defendant's breach of fiduciary responsibility to provide reimbursement to Plaintiff for health insurance premiums.

II. Parties, Jurisdiction and Venue

1. Plaintiff Williams is an Allen County, Indiana, resident.

2. Defendant Crunchtech is an Indiana limited liability company with its principal office in Ligonier, Indiana and its principal place of business in Kendallville, Indiana.

3. Defendant Maly is the Owner and President of Crunchtech and resides in California.

4. The court has jurisdiction over Plaintiff's FLSA and ERISA claims under 28 U.S.C. §1331 as these claims raise a question of federal law.

5. Supplemental jurisdiction is appropriate for the state law wage claims in this case under 28 U.S.C. §1367.

6. Venue is proper in the Northern District of Indiana as the parties are all located in this district.

### III. Factual Allegations

7. In the spring of 2021, Maly, as Owner of Crunchtech, enticed Williams to work at Crunchtech to the position of Assistant Production Manager.

8. Williams had enjoyed several years' seniority at Costco with several weeks of vacation and excellent benefits, including vacation, 401(K) and health insurance benefits.

9. Maly indicated to Williams that Crunchtech was a start-up but offered to equal Williams' vacation benefits and to grant two (2) weeks in 2021 and three (3) weeks' vacation in 2022 and to pay reimbursement to Williams for COBRA coverage for health insurance for up to eighteen (18) months at $400.00 per month and $50.00 per month for other insurance coverages.

10. Williams was also offered an hourly rate of $33.00 per hour plus overtime.

11. An offer letter dated April 26, 2021, detailing these promises and obligations is attached hereto as Exhibit A.

12. While Maly indicated he did not want Williams to formally start at Crunchtech until November 1, 2021; in reality, Maly required Williams to come in and begin work and training at Crunchtech prior to November 1, 2021.

13. Specifically, Williams came in and worked at least seven (7) times for approximately six (6) hours each time on his days off from Costco, between the hours of 9:00-10:00 am to about 3:30 or 4:00 pm, for which he received no pay, between April 26, 2021 and Williams' formal start date in mid-October of 2021.

14. By accepting the job at Crunchtech, Williams gave up 401(K) benefits, his health care and his vacation days at Costco in exchange for the promises provided by Crunchtech in its job offer.

15. However, Maly and Crunchtech did not reimburse Williams for his COBRA premiums as promised.

16. Maly and Crunchtech also did not provide Williams with any vacation time in either 2021 or 2022 as promised.

17. Pursuant to Crunchtech's handbook, employees are to be paid for unused PTO upon termination of employment.

18. On or about January 23, 2022, Williams was terminated from his job after complaining about safety issues.

### IV.  Fair Labor Standards Act ("FLSA") Claims Against Crunchtech
### (Count 1)

19. Williams restates and incorporates by reference all allegations contained in paragraphs 1-18 of its Complaint as if specifically recited herein.

20. Crunchtech is an "enterprise," as that term is defined by the FLSA and covered by the Overtime and Minimum Wage Provisions of the FLSA.

21. Crunchtech is an "employer," as that term is defined by the FLSA.

22. Crunchtech improperly required Williams to perform work on at least seven (7) occasions during 2021 and failed to pay him his promised $33.00 per hour or even minimum wage for that work.

23. Crunchtech violated Williams' rights to be properly paid wages or minimum wages in a manner required by the FLSA.

24. Crunchtech repeatedly violated FLSA's minimum wage provisions by not paying Williams for all hours worked in 2021.

25. Crunchtech has failed to comply with FLSA's recordkeeping requirements to ensure compliance with overtime and minimum wage as required by the Act.

26. Crunchtech's failure to comply with FLSA provisions regarding minimum wage and compensation for labor performed is willful and without justification.

27. Williams seeks for himself all available damages including unpaid wages, unpaid minimum wages, liquidated damages and payment of reasonable attorneys fees and costs and expenses and any other damages to which he may be entitled for Crunchtech's violations of the FLSA.

V.   FLSA Claims Against John Maly Individually
(Count 2)

28. Williams restates and incorporates by reference all allegations contained in paragraphs 1-27 of its Complaint as if specifically recited herein.

29. Under FLSA 29 U.S.C. § 203(d), an employer includes any person acting directly or indirectly in the interest of the employer in relation to an employee.

30. Maly at all times relevant herein was the Owner and President of Crunchtech.

4

31. Maly was the decision-maker in making an offer of employment to Williams and in all of the offer's terms such as a $33.00 per hour pay rate and all other employment terms.

32. Maly made the decision to require Williams to come in on his days off from Costco, beginning in April of 2021, and up to the point when Williams began full time work at Crunchtech, and refused to pay him for that work performed.

33. As Owner and President of Crunchtech, Maly had authority to decide pay and benefits and to hire and fire employees.

34. Maly is individually liable for unpaid wages owed and liquidated damages and attorneys fees pursuant to the FLSA.

### VI. Failure to Pay for Labor Performed and Wages, Indiana Code §22-2-4, 5 and 9
### (Count 3)

35. Williams restates and incorporates by reference all allegations contained in paragraphs 1-34 of its Complaint as if specifically recited herein.

36. Crunchtech is a limited liability company pursuant to the Indiana statute, Indiana Code §22-2-4, 5 and 9.

37. Williams was an employee under Indiana Code §22-2-4, 5 and 9.

38. Maly is a person under Indiana Code §22-2-4, 5 and 9.

39. Maly's refusal to pay Williams for wages he earned for labor performed as Owner and President of Crunchtech and as a person pursuant to Indiana Code §22-2-4, 5 and 9 means he is personally responsible for payment under the statutes.

40. Crunchtech's and Maly's failure to pay Williams for the seven (7) days of work he performed between April 26, 2021 and mid-October of 2021, violates the Indiana Wage Payment statute provisions requiring payment for labor performed.

41. Further, vacation pay is considered wages and can be considered wages under the Indiana Wage Payment statutes, especially where, as here, such vacation amounts are to be paid out upon termination of employment pursuant to handbook policy.

42. Crunchtech promised vacation pay to Williams in the form of two (2) weeks in 2021 and three (3) weeks in 2022 in consideration of the fact that he was sacrificing earned vacation at Costco, his former employer.

43. Despite these promises, Crunchtech refused to pay out any vacation to Williams either in 2021 or in 2022 in violation of its offer letter and its handbook policy.

44. Williams is entitled to payment for this unpaid vacation pursuant to the Indiana Wage Payment statutes §22-2-4, 5 and 9.

45. Williams is entitled to damages as laid out in Indiana Code §22-2-4, 5 and 9, including and up to double the amount of monies due and reasonable attorneys fees and costs.

WHEREFORE, Williams prays the Court enter a judgment in favor of Williams and against Crunchtech and Maly in an amount to compensate Williams, liquidated and special damages, prejudgment interest, attorney's fees, costs in this action, and for all other relief which is just and proper in the premises.

## VII. Detrimental Reliance, Promissory Estoppel
### (Count 4)

46. Williams restates and incorporates by reference all allegations contained in paragraphs 1-45 of its Complaint as if specifically recited herein.

47. Crunchtech promised to pay Williams $33.00 per hour for all time worked, five (5) weeks of vacation and a reimbursement for COBRA premiums, amounting up to $450.00 per month for health insurance and other insurance coverage.

48. Crunchtech made these promises in light of the fact that Williams was giving up these types of benefits and terms at his employment at Costco to come work at Crunchtech.

49. Crunchtech failed to pay Williams for these benefits and/or wage payments.

50. Williams relied upon the promises of Crunchtech to pay and provide these benefits to his detriment.

51. Williams has been damaged by the failure of Crunchtech to pay him these monies owed for the work he performed and for the benefits to which he was entitled between April 26, 2021 and the date of his termination in January of 2022.

WHEREFORE, Williams prays the Court enter a judgment in favor of Williams and against Crunchtech and Maly in an amount to compensate Williams, liquidated and special damages, prejudgment interest, attorney's fees, costs in this action, and for all other relief which is just and proper in the premises.

## VIII.   ERISA
(Count 5)

52. Williams restates and incorporates by reference all allegations contained in paragraphs 1-51 of its Complaint as if specifically recited herein.

53. Pursuant to the offer letter, Crunchtech and Maly agreed to offer reimbursement for COBRA coverage of up to $450.00 per month to Williams as an incentive for him to work at Crunchtech.

54. This is a Health Reimbursement Arrangement ("HRA") and is considered to be a group health plan within the meaning of ERISA, 29 U.S.C. §1191(b).

55. Between October of 2021 and his termination in January of 2022, Crunchtech never paid any HRA reimbursement as promised for Williams' continued COBRA coverage.

56. The employer in this situation was obligated to make those reimbursements and its failure to do so constitutes a breach of its fiduciary responsibilities to Williams under ERISA, 29 U.S.C. §1001 *et seq*.

WHEREFORE, Williams prays the Court enter a judgment in favor of Williams and against Crunchtech and Maly in an amount to compensate Williams, including lost wages and benefits, liquidated and special damages, prejudgment interest, attorney's fees, costs in this action, and for all other relief which is just and proper in the premises.

## PLAINTIFF'S JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff, Benjamin Williams, is demanding a trial by jury.

Dated: November 3, 2022

Respectfully submitted,

BURT, BLEE, DIXON, SUTTON & BLOOM, LLP

s/*Martha M. Lemert*
Martha M. Lemert (#20961-02)
200 East Main Street, Suite 1000
Fort Wayne, IN 46802
Phone: (260) 426-1300
Fax: (260) 422-7932
Email: mlemert@burtblee.com
*Attorney for Plaintiff*